IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,
          Plaintiff,

v.                                  15 CR 4512 MV

RICCO ROMERO,
          Defendant.

## DEFENDANT RICCO ROMERO'S
## APPEAL OF DETENTION ORDER

COMES NOW, Ricco Romero, by and through his counsel of record, Erlinda O. Johnson, Esq., and pursuant to 18 U.S.C. § 3145 (b) and (c), appeals the Order of detention entered by the Magistrate Judge.  (doc. 41)  This appeal is to the District Court. In support of this appeal, defendant states the following:

1.      Mr. Romero is a twenty –six (26) year-old United States citizen and New Mexico native.  As an adult Mr. Romero does not have any criminal history. He does have a couple of juvenile convictions but those cases are more than ten years old.

2.      Mr. Romero has been in a relationship with his common-law-wife for many years.  Together they have two children.

3.      The government sought Mr. Romero's detention claiming that he is a danger to the community and a flight risk.

4.      Mr. Romero, however, represents that he is neither a flight risk nor danger to the community.  Mr. Romero was born and raised in Taos, New Mexico.

5.      There is no evidence that Mr. Romero poses a flight risk.[1]  The government has equally failed to demonstrate that Mr. Romero poses a danger to the community.

6.      While the government may also argue the strength of the evidence, it is worth noting that the discovery disclosed, to date, does not indicate evidence that Mr. Romero was involved in sales of narcotics.  Indeed, there were no narcotics seized from Mr. Romero's home.  While the government may argue that drugs found at a different location belonged to Mr. Romero, there does not appear to be direct evidence linking Mr. Romero to the drugs seized from that separate location.

7.      Mr. Romero is eager to address the charges set forth in the indictment.  He is neither a risk of flight nor a danger to the community.  He is prepared to present evidence to this Court to demonstrate that there are conditions that could be fashioned to ensure his appearance in court.

8.      A defendant ordered detained by a Magistrate Judge may seek review before the district court.  18 U.S.C. § 3145(b).  The district court conducts a *de novo* review of the facts with no deference to the magistrate judge's findings.  *See United States v. Koening*, 912 F.2d 1190, 1192 (9th Cir. 1990).  In performing this review, the court may, in its discretion, rely upon the record developed before the magistrate or conduct additional evidentiary hearings.  *See id.* at 1193.

9.      Congress imposed procedural safeguards designed to limit detention to only those instances when it is clearly necessary.  *United States v. Holloway*, 781 F.2d 124, 125-126 (8th Cir. 1986); S.Rep. No. 225, 98th Cong. 1st Sess. 8 (1983), *reprinted in*

---

[1] Mr. Romero acknowledges that he has two failures to appear on his record, those failures are dated.

1984 U.S.C.C.A.N. 3182, 3191 (recognizing the detention statute may be constitutionally

defective if it "fails to provide adequate safeguards and does not limit pretrial detention to

cases in which it is necessary to serve the societal interests it is designed to protect").

10.     Any doubts regarding release should be resolved in the defendant's favor.

*United States v. Townsend*, 897 F.2d 989, 994 (9th Cir. 1990).  As a result, only in

"rare" cases should pretrial release be denied.  *Id.*; *See also United States v. Torres*,

929 F.2d 291, 292 (7th Cir. 1991)(pretrial detention is an exceptional step); *United*

*States v. Shakur*, 817 F.2d 189, 195 (2d Cir. 1987)(pretrial detention is appropriate for

only a limited group of offenders).

11.     Under the Bail Reform Act, a defendant may be detained pending trial

only if a judicial officer finds "that no condition or combination of conditions will

reasonably assure the appearance of the person as required and the safety of any other

person and the community."  18 U.S.C. § 3142(e).  The district court may make such a

finding only after holding a hearing according to the procedures specified in § 3142(f),

and the United States bears the burden of proof at that hearing.

12.     The United States must prove risk of flight by a preponderance of the

evidence, and it must prove dangerousness to any other person or to the community by

clear-and-convincing evidence.  *See United States v. Cisneros*, 328 F.3d 610, 616 (10th

Cir. 2003); 18 U.S.C. § 3142(f).

13.     Mr. Romero requests this Court conduct a *de novo* review of the facts and

order his release to the third party custody of Lisa Lucero, the mother of his common-

law-wife.  Ms. Lucero is a long time resident of Taos, New Mexico.  She does not have

any criminal history and is gainfully employed.  U.S. pretrial services Officer Paul

Valdez advised undersigned that he has vetted Ms. Lucero and she appears to be a suitable third party custodian.  Mr. Valdez advised, however, that pretrial services would provide its recommendation upon a hearing on Mr. Romero's appeal of detention order.

14.     While the offenses with which Mr. Romero is charged carry a presumption in favor of detention pursuant to 18 U.S.C. § 3142, Mr. Romero submits that he has overcome that presumption.

15.     "Once the presumption is invoked, the burden of production shifts to the defendant.  However, the burden of persuasion regarding risk-of-flight and danger to the community always remains with the government."  *United States v. Stricklin*, 932 F.2d 1353, 1354-55 (10th Cir. 1991).  The defendant's burden of production is not heavy, but some evidence must be produced.  *Id.*

16.     A court generally cannot detain an accused unless there is no condition or combination of conditions that will reasonably assure the appearance of the person as required, and the safety of any other person and the community.  *See* 18 U.S.C. § 3142(b).  The United States bears the burden of showing that the defendant is either a flight risk or a danger to the community.  Dangerousness must be established by clear-and-convincing evidence.  See 18 U.S.C. § 3142(f)(2)(B)("The facts the judicial officer uses to support a finding pursuant to subsection (e) that no condition or combination of conditions will reasonably assure the safety of any other person and the community shall be supported by clear and convincing evidence.").  Risk of flight must be established by a preponderance of the evidence.  *See United States v. Cisneros*, 328 F.3d at 610, 612 (10th Cir. 2003).

17.     Additionally, in determining whether an accused should be released or detained prior to trial, 18 U.S.C. § 3142(g) directs the court to consider the following factors:

> (1) [T]he nature and circumstances of the offense charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including
>
> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. . . .

18.     Regardless of whether the presumption applies, the government's ultimate burden is to prove that no conditions of release can assure that the defendant will appear and to assure the safety of the community. *See United States v. Stone*, 608 F.3d 939, 946 (6th Cir. 2010).

19.     Mr. Romero submits that he is presumed innocent of the charged offenses. A presumptively innocent defendant has a great liberty interest in avoiding pretrial detention.  Thus, the district court must dispose of every alternative before ordering pretrial incarceration under the Bail Reform Act. *United States v. Fernandez-Alfonso*,

818 F.2d 477, 478 (9th Cir. 1987).  For the Bail Reform Act to authorize pretrial

detention, it must be the case that no combination of conditions, either those set out in the

Act itself or any others that the magistrate or judge might find useful, can reasonably

assure that the defendant will appear for trial.  *See* 18 U.S.C.A. § 3142(e); *United States*

*v. Hanson*, 613 F. Supp. 2d 85 (D.D.C. 2009).

20.     Mr. Romero submits that his strong ties to family and the community and

a lack of adult criminal history militate in favor of release to the third party custody to his

mother in law.  Although Mr. Romero acknowledges he is charged with a serious

offenses, he submits that he has presented sufficient evidence and demonstrated factors

that support that he is neither a flight risk nor a danger to the community and thus should

be released.

21.     On January 29, 206, undersigned counsel contacted government counsel

for his position on Mr. Romero's appeal of detention.  However, as of the filing of this

appeal, counsel for the government has not responded. Therefore, Mr. Romero assumes

the government opposes the relief requested herein.

Wherefore, for the foregoing reason, Mr. Romero respectfully requests this Court

order his release from custody.

Respectfully Submitted,

  electronically filed 1/29/16
Erlinda O. Johnson
Attorney for Ricco Romero
1110 2nd Street N.W.
Albuquerque, NM 87102
(505) 792-4048

I hereby certify that a true
And correct copy of the foregoing
Was provided to AUSA Vasquez,
Via CM-ECF, on this 29th day of
January, 2016.

_____/s/_____
Erlinda O. Johnson
Attorney at Law